ISAAC K. COHN, as Executor, etc., et al., Respondents, *v.* THE
METROPOLITAN ELEVATED RAILWAY COMPANY et al.,
Appellants.

(Argued December 9, 1892; decided December 20, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made March 31, 1892, which affirmed a judgment in favor of
plaintiff entered upon a decision of the court on trial at
Special Term.

This action was brought to restrain defendants from operat-
ing their railroad in front of plaintiff's premises in the city of
New York and to recover damages for loss of rents occasioned
by such use.

The following is the opinion in full:

" The only exception argued on this appeal is to the refusal
of the trial judge to find as a fact that the plaintiff's premises
were specially benefited by the existence of the elevated
railway station at Forty-second street. It is conceded that the
court correctly decided as a conclusion of law that any benefit

resulting from the operation and existence of the railway was to be taken into account in determining whether the plaintiff's abutting property had in truth suffered an injury; but the complaint made is that the refusal to find the requested fact became an error of law since the uncontradicted proof established the existence of such special benefit. We are asked to consider that question in the light of the alleged gross injustice of the award to the plaintiff of about thirteen thousand dollars for damages asserted to exist only in the brain of his expert; and our attention is drawn to the fact that the plaintiff has been offered for his property and has refused nearly double the value which his expert put upon it. If the amount of the award was subject to our review we might feel the force of these suggestions and perhaps differ seriously from the court below; but that possibility must not divert us from the only question which we have a right to consider, and that is whether it was proved beyond contradiction that the station at Forty-second street conferred a special benefit upon the plaintiff's property. The request refused was framed by the defendant, and if it conveyed an idea different from what is now desired that is no fault of the court which acted on it.

" The proof given was of two sorts; first, facts, and second, opinions of experts. The substantial facts on one side were, that the property was situated on the corner of Forty-fourth street and Sixth avenue and so two blocks above the Forty-second street station; that it had been steadily used as a hotel, although of bad reputation and immoral character; that the station at Forty-second street received and discharged a large number of passengers who spread in every direction and came from many quarters; and that some of these passed and re-passed the plaintiff's hotel in which liquor was sold and a bar maintained. The proper inference to be drawn from these facts is not beyond dispute. The corners adjacent to the station would seem to be specially benefited so far as occupied for purposes which thrive best where there is most of a crowd, but that a hotel two blocks away is specially benefited by the station is not a necessary even if it be a probable inference. On the other hand it was proved that from 1878 to the date of the trial the actual rental value of the property had remained

about the same, notwithstanding the general rise of values in that part of the city, and so the inference was possible that the railway with its station had proved an injury and not a benefit either general or special, and a similar inference might flow from the further fact sworn to that the fee value during the same period had largely diminished. So far as the facts are concerned they opened the door to conflicting inferences and we cannot say that those asserted by the defendant were necessary and inevitable. When we turn to the opinions of the experts, we find to some extent a similar conflict. While the one testifying for the defense infers a benefit from the proximity of the station, the expert of the plaintiff denies it, saying that while a station near by might benefit a liquor store it was a disadvantage to the apartments upstairs. On this state of the proof we might readily frame an opinion of our own, but we cannot say that the inferences are all one way, or that a contrary opinion might not lawfully be formed. The trouble is in the very nature and character of the requested fact itself. It is one quite difficult to prove or disprove in the absence of much more precise facts than are to be found in this case, and, indeed, is very largely a matter of inference from circumstances which do not always impress different persons alike. It was possible to infer that the station two blocks below was of no special or peculiar benefit to this hotel, and that conclusion was easy to the court which determined that the railway had proved seriously detrimental to the property. All the facts of the situation so far as proved were before the court for its judgment, and whatever we may think about them, we are unable to say that the inference of a special benefit was so conclusive and inevitable as to make it an error of law to refuse the finding requested.

"It follows that the judgment must be affirmed with costs."

*Samuel Blythe Rogers* for appellants.

*J. Archibald Murray* for respondents.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.